SAMUEL J. MORRISON *vs.* WILLIAM CLARK.

In an action to recover the price of goods sold, brought more than thirty and less than sixty days after the sale, the plaintiff admitting that the sale was on a credit of thirty or sixty days, the burden of proof is on the plaintiff to show, that the credit was for thirty, and not for sixty days.

THIS was an action of assumpsit on a promissory note for $47.34, dated October 17th, 1848, and on an account annexed for a quantity of butter sold, amounting to the same sum.

At the trial in the court of common pleas, before *Wells*, C. J., it was in evidence for the plaintiff, that he sold the defendant butter, as stated in the account annexed, at the price therein mentioned, and it was admitted that the sale was made on a credit of either thirty or sixty days. If the former, the credit had expired when the action was brought; if the latter, it had not. The note was originally payable on sixty days, and was afterwards altered to thirty days; but it being in evidence, that both the original note, and the alteration, were made by clerks, without authority from their principals, and

that no fraud was intended, the presiding judge ruled, that the right to recover depended on the original contract; and to this ruling no exception was taken. The presiding judge also instructed the jury, that it being admitted that the butter was sold on a credit of either thirty or sixty days, the burden of proof was on the plaintiff to show, that the credit was of thirty and not of sixty days. A verdict being rendered for the defendant, the plaintiff excepted.

*W. Rogers,* for the plaintiff.

*F. W. Sawyer,* for the defendant, was stopped by the court.

BIGELOW, J.   This case presents a simple question as to the burden of proof.   Ordinarily, in an action of *indebitatus assumpsit* for goods sold, proof of the sale and delivery of the articles to the defendant, makes out a *primâ facie* case, and entitles the plaintiff to recover, unless evidence is offered by the defendant to control it.   But in the case at bar, the plaintiff coupled the proof of the sale and delivery, with an admission that it was a sale on credit.   Having made this admission, he could not recover until he had shown that the term of credit had expired.   This was in the nature of a condition precedent to his right to maintain his action, and, upon the most familiar principles of evidence, the burden was on him to prove its fulfilment. 2 Stark. Ev. (5th Amer. ed.) 871, and notes.

In this case, the admission of the plaintiff was that the sale was on thirty or sixty days.   If the former was the term of credit, it had expired before suit brought; if the latter, it had not.   This being left doubtful on the plaintiff's admission, it is entirely clear that he has failed to make out a *primâ facie* case, because he has left uncertain a fact upon which his right to maintain any action depended.   Until this was proved, the defendant had no case to meet.   A different rule would compel a defendant to disprove a case before one had been made out against him.   The ruling of the court below was therefore correct.

We are inclined to the opinion, that the same result would follow, if no admission had been made by the plaintiff, as to a sale on credit.   He claimed to recover for a debt due and

payable at the time he commenced his suit.    This is the aver-
ment which he makes, and is bound to prove.    Because he
proves the sale and delivery of the articles, and thereby
makes out a *primâ facie* case, it does not follow that
the burden of proof is shifted.    All the defendant is bound
to do is, to encounter the evidence offered by the plaintiff;
and if he offers sufficient proof to throw a reasonable doubt
on the case made by the plaintiff, the latter fails to support
his action.    In such cases, the evidence on both sides relates
to the same issue or proposition of fact, and the plaintiff,
whose case requires proof of this fact, has throughout the
burden of proof.    So, on the other hand, if the defendant, in-
stead of offering evidence to disprove the affirmative facts on
which the plaintiff relies, sets up new and substantive matter
in discharge or avoidance of the action, such as release, accord
and satisfaction, payment and the like, then, by the same rule,
the burden of proof is on him to maintain it in all stages of
the case.    But so long as the evidence is confined to an aver-
ment, which the plaintiff is bound to make out, the burden of
proof remains on him.    In this case, therefore, it being the
duty of the plaintiff to prove that the debt was due and paya-
ble at the time of the commencement of the action, the bur-
den was on him to show this fact, and it did not shift merely
because the plaintiff offered evidence, which *primâ facie*
proved it.    *Powers* v. *Russell*, 13 Pick. 69, 76; *Sperry* v. *Wil-
cox*, 1 Met. 270; *Broomfield* v. *Smith*, 1 Mees. & Welsb. 542.

*Exceptions overruled.*